UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CATRINA HUTCHINS** </br></br> Plaintiff, </br></br> vs. </br></br> **SETERUS, INC.** </br></br> Defendant. | Case No.: 1:18-cv-128 </br></br> **AMENDED COMPLAINT AND** </br></br> **JURY TRIAL DEMAND** |

Plaintiff, Catrina Hutchins, (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against Seterus, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq*., a strict liability statute which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3) and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b) where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is a natural person who, at all relevant times, has resided in the city of Cleveland Heights, County of Cuyahoga, Ohio. Plaintiff is also a "consumer" as defined by 15 U.S.C. §1692a(3).

5.     Defendant is a corporation with a mailing address of 14523 SW Millikan Way, Beaverton, OR 97005 that does business in Ohio. Defendant often acts as a "debt collector" as defined by 15 U.S.C §1692a(6).

6.     By letters to Plaintiff dated March 20, 2017, March 31, 2017 and April 6, 2017, Defendant states "(t)his communication is from a debt collector as we sometimes act as a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose…" In addition, Defendant sent an account statement to Plaintiff dated May 4, 2017 that also has similar language describing Defendant as a debt collector attempting to collect a debt.

## FACTUAL STATEMENT

7.     At all times relevant to this litigation, Defendant has engaged in a course of collection activity aimed at recoupment of an alleged defaulted consumer debt due and owing.

8.     On December 30, 2015, Plaintiff sent Defendant a certified letter demanding that they only communicate in writing, not by telephone. Plaintiff has evidence that the certified letter was received by Defendant on January 6, 2016 at 9:49 am in Beaverton, Oregon.

9.     Despite Plaintiff's clear cease on December 30, 2015, Defendant thereafter called Plaintiff on her cellular phone, ending in 3010, for which she incurs charges, eleven (11) times. The calls were made on the following dates and times: 12/27/2016, 2:35 PM; 1/16/2017, 1:57 PM; 1/16/2017, 6:14 PM; 1/17/2017, 5:57 PM; 1/18/2017, 5:27 PM; 1/19/2017, 7:07 PM;

1/20/2017, 2:55 PM; 1/26/2017, 5:17 PM; 1/27/2017, 5:43 PM; 1/30/2017, 7:12 PM; 1/31/2017, 1:23 PM.

10. Upon information and belief, the calls were made to Plaintiff's cell phone through the use of an automatic telephone dialing system and/or pre-recorded voice or compouter system, which meets the definition set forth in 47 U.S.C. §227(a)(1).

11. Plaintiff did not give Defendant consent to call her cellular phone either by use of an autodialer, automatic telephone dialing system, or otherwise. Even if Plaintiff did provide consent, it was clearly and unequivocally revoked by Plaintiff's certified letter to Defendant dated December 30, 2015 and received by Defendant on January 6, 2016.

12. Plaintiff clearly advised Defendant, in writing, not to call her but to communicate only in writing. Ignoring this request, Defendant called Plaintiff eleven (11) times thereafter at a time and place known, or which should have been known, to be inconvenient to Plaintiff. The calls were harassing, abusive and annoying.

13. As a result, Plaintiff has been damaged and is entitled to relief.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227 et seq.

14. Plaintiff repeats and realleges the prior paragraphs as if fully set forth herein.

15. Defendant called Plaintiff's cellular telephone number eleven times after being advised to stop calling by a clear, written cease demand which Defendant received.

16. Upon information and belief, Defendant called Plaintiff's cellular telephone number through use of an automatic telephone dialing system which subjects them to the provisions of the Act.

17. Defendant did not have consent from Plaintiff to call Plaintiff's cellular telephone number at any time and any consent that may have been given was revoked on December 30, 2015.

18. Plaintiff has been damaged by Defendant's actions which constitute negligent, knowing and/or wilful violations of 47 U.S.C. § 227(b)(1)(A)(iii), as well as any other applicable provisions of the TCPA, and its conduct is not exempt from the proscriptions of the statute.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TCPA 47 U.S.C. § 227 *et seq*;

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227 *et seq*.

c) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3)(C);

e) Awarding Plaintiff fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding other and further relief as this Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f

19. Plaintiff repeats and realleges the prior statements as if set forth specifically herein.

20. Defendant, acting as a debt collector on a defaulted loan, called Plaintiff on her cell phone, in an attempt to collect a debt, after being advised, by certified letter, that she only

wanted communication via mail. Defendant's actions constitute an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

21. As such, Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Catrina Hutchins, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff as follows:

A. Declaring Defendant's actions, as described above, in violation of the FDCPA;

B. Granting Plaintiff actual damages pursuant to 15 USC §1692k(a)(1);

C. Granting Plaintiff statutory damages pursuant to 15 USC §1692k(a)(2)(A);

D. Granting Plaintiff an award for costs and reasonable attorneys' fees pursuant to 15 USC §1692k(a)(3);

E. Granting such other and further relief as may be just and proper.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c(a)

22. Plaintiff repeats and realleges the prior statements as if set forth specifically herein.

23. Defendant called Plaintiff after they received written notification, via certified letter, that Plaintiff no long wanted to receive phone calls. She said that all communication was to be by mail. Defendant's phone calls to Plaintiff, after a written cease, were at an unusual time or place known, or which should have been known, to be inconvenient to her, in violation of 15 U.S.C. §1692c(a).

24. As such, Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Catrina Hutchins, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff as follows:

F. Declaring Defendant's actions, as described above, in violation of the FDCPA;

G. Granting Plaintiff actual damages pursuant to 15 USC §1692k(a)(1);

H. Granting Plaintiff statutory damages pursuant to 15 USC §1692k(a)(2)(A);

I. Granting Plaintiff an award for costs and reasonable attorneys' fees pursuant to 15 USC §1692k(a)(3);

J. Granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 15, 2018

                                                      Respectfully Submitted,

                                                      /s/ Pamela S. Petas
                                                      Pamela S. Petas, Esq.
                                                      Ohio Bar # 0058627
                                                      7439 Montgomery Street, Suite 3
                                                      Cincinnati, OH 45236
                                                      (513) 328-0995
                                                      ppetas@petaslaw.com